Daniel W. Maguire (SBN 120002)
E-mail:  dmaguire@bwslaw.com
Nancy Jerian Marr (SBN 143248)
E-mail:  nmarr@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel:  213.236.0600	Fax:  213.236.2700

Attorneys for Plaintiff
Delaware Life Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELAWARE LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ESTHER CUNNINGHAM, an individual; CLARENCE JEFFERSON WYNN, an individual; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. 5:23-cv-01024<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND INTERPLEADER**<br><br>**[28 U.S.C. §§ 1332, 2201; F.R.C.P. 22]** |

Plaintiff Delaware Life Insurance Company ("Delaware Life") alleges as follows:

## JURISDICTION AND VENUE

1.　Subject matter jurisdiction is conferred upon this Court by diversity of citizenship, 28 U.S.C. § 1332(a) and (c).

2.　Plaintiff Delaware Life is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business in the Commonwealth of Massachusetts. Delaware Life is authorized to do business and is lawfully doing business in the State of California, and within this district.

3. Defendant Esther Cunningham ("Cunningham") is an individual and, on information and belief, she is a citizen and resident of the State of California, County of Riverside.

4. Defendant Clarence Jefferson Wynn ("Wynn") is an individual and, on information and belief, he is a citizen and resident of the State of California, County of Santa Clara.

5. The true names and capacities of Does 1 through 10 are unknown to Delaware Life. When the identities of these individuals become known, Delaware Life will amend this Complaint to show such true names and capacities. Delaware Life is informed and believes, and based thereon, alleges that each of the Doe Defendants claims or may claim an interest in the proceeds of the Annuity Contract which is the subject of this Complaint.

6. Diversity of citizenship exists between Delaware Life, as stakeholder, and Defendants, as claimants, for purposes of Rule 22, Federal Rules of Civil Procedure, in that Delaware Life is incorporated in the State of Delaware, with its principal place of business in Massachusetts, as well as offices in Indiana, and Defendants are citizens and residents of California. The amount in controversy for Rule 22 interpleader is satisfied because more than $75,000 is in controversy, exclusive of interest and costs.

7. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all related claims over which it does not have original jurisdiction.

8. The claim for declaratory relief sought herein is based upon 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

9. Venue is proper in this District as Cunningham is a citizen and resident of California in the County of Riverside and resides within this District.

///
///
///

## FACTS RELEVANT TO ALL COUNTS

### A. The Annuity Contract At Issue

10. On August 10, 2022, pursuant to an Application dated August 8, 2022, Delaware Life issued to Clarence J. Wynn its Certificate for Apex MYGA Single Premium Deferred Multi-Year Guaranteed Annuity Contract No. APEX0057589 ("Annuity Contract").

11. Wynn was designated the Owner and Annuitant under the Annuity Contract.

12. Designated as the primary beneficiary under the Annuity Contract was Andrea L. Sykes ("Sykes"), identified as the daughter of Wynn. No other primary or contingent beneficiary was designated under the Annuity Contract.

13. The premium amount for the Annuity Contract was $1,000,000, which was paid and submitted with the Application, to be allocated to a 5-Year Guaranteed Interest Rate Period.

14. Delaware Life received an April 27, 2023 letter from Clover Marez ("Marez"), who identified herself as the grandchild of Cunningham, challenging the purchase, ownership, and beneficiary designation of the Annuity Contract. Marez represented that Cunningham and Wynn are a married couple and that Wynn improperly and unlawfully used community property funds to purchase the Annuity Contract without Cunningham's permission. Marez informed that Cunningham is seeking a temporary restraining order for the annuity account and on the bank checking account from which funds were paid.

15. On May 11, 2023, Delaware Life, through its counsel, sent certified letters to Cunningham at the Temecula, California address provided by Marez, and to Wynn at his last known Milpitas, California address. The letter notified Cunningham and Wynn of the conflicting claims relating to the Annuity Contract, and explained that Delaware Life was a neutral stakeholder and may cause to be

///

filed an interpleader and/or declaratory relief action with the Court. The letter requested a response within 14 days of receipt.

16. Returned receipts, appearing to be signed by Sykes, confirmed delivery of the letters on May 15 and May 17, 2023, respectively.

17. On May 25, 2023, counsel received a letter from Aaron F. Garcia, Esq., representing Wynn.

18. As of this date, Delaware Life has received no response from Cunningham.

## FIRST CAUSE OF ACTION
## (DECLARATORY RELIEF)

19. Plaintiff refers to and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 18, above, as though fully set forth herein.

20. By reason of the facts pled herein, an actual controversy has arisen and now exists between Cunningham and Wynn, regarding the respective rights and obligations under the Annuity Contract. Wynn, on the one hand, would hold ownership rights and interests in the Annuity Contract by reason of his purchase and designation as Owner and Annuitant, and designation of Sykes as the sole beneficiary. Cunningham, on the other hand, through Marez, claims the purchase, ownership and beneficiary designation of the Annuity Contract were improper and unlawful. As a result, Delaware Life is unable to determine the proper ownership and beneficiary designation of the Annuity Contract without potentially exposing itself to multiple liability or litigation or both.

21. Delaware Life desires a judicial determination of the respective rights, interests, and obligations of Wynn and/or Cunningham under the Annuity Contract. Specifically, Delaware Life requests a judicial determination of the validity of the purchase, ownership, and beneficiary designation of the Annuity Contract.

///

22. A judicial determination is necessary, appropriate and desirable at this time in order that each of the parties to this Complaint may ascertain their respective rights and duties as to one another.

23. Delaware Life should not be compelled to become involved in the actual or potential disputes or contentions of the Defendants, and Defendants should be ordered to litigate or otherwise settle among themselves without further involving Delaware Life.

24. This Court is vested with the power to declare and adjudicate the validity of the Annuity Contract, and the rights and legal interests of the parties to this action with reference to the issues raised in this Complaint.

25. Delaware Life therefore requests a declaration by the Court establishing the validity of the purchase, ownership, and beneficiary designation of the Annuity Contract, and a declaration of the proper Owner, Annuitant, and Beneficiary Designation under the Annuity Contract.

## SECOND CAUSE OF ACTION
## (INTERPLEADER)

26. Plaintiff refers to and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 25 above, as though fully set forth herein.

27. Delaware Life is faced with adverse and conflicting claims over the Annuity Contract. Wynn, on the one hand, would hold ownership rights and interests in the Annuity Contract by reason of his purchase and designation as Owner and Annuitant, and designation of Sykes as the sole beneficiary. Cunningham, on the other hand, through Marez, claims the purchase, ownership and beneficiary designation of the Annuity Contract were improper and unlawful. As a result, Delaware Life is unable to determine the proper ownership and designation of the Annuity Contract without potentially exposing itself to multiple liability or litigation or both.

28. Delaware Life claims no beneficial interest in the Annuity Contract. It is a mere stakeholder in Defendants' dispute.

29. Delaware Life has and will incur attorneys' fees and costs in bringing this interpleader action to resolve the dispute over the Annuity Contract as between Cunningham and Wynn. Delaware Life is entitled to recover its attorneys' fees and costs in this proceeding.

30. Delaware Life should not be compelled to become involved in the actual or potential disputes or contentions of Defendants, and Defendants should be ordered to litigate or otherwise settle among themselves without further involving Delaware Life.

31. The current value of the Annuity Contract is approximately $1,000,000.

WHEREFORE, Delaware Life prays judgment as follows:

1. That the Court declare the rights and liabilities of the parties;
2. That Defendants be restrained from instituting any action with respect to the Annuity Contract against Delaware Life;
3. That Defendants be required to interplead and settle among themselves their respective rights under the Annuity Contract, and that Delaware Life be discharged from all liability under the Annuity Contract;
4. That the Court award Delaware Life its actual costs and reasonable attorneys' fees incurred in connection with this interpleader action, with such sums to be paid out of the value of the Annuity Contract;
5. That Delaware Life be discharged and released from any and all further liability under the Annuity Contract as to each Defendant, and any persons claiming by, through or under them, and that Delaware Life be dismissed with prejudice from all further proceedings in this action; and

///

6. For such other and further relief as the Court deems proper.

Dated: June 2, 2023

BURKE, WILLIAMS & SORENSEN, LLP

By: *s/ Nancy J. Marr*
    Daniel W. Maguire
    Nancy Jerian Marr
    Attorneys for Plaintiff
    Delaware Life Insurance Company