Daniel W. Maguire (SBN 120002)
E-mail: dmaguire@bwslaw.com
Nancy Jerian Marr (SBN 143248)
E-mail: nmarr@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel: 213.236.0600 | Fax: 213.236.2700

Attorneys for Plaintiff Delaware Life Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| DELAWARE LIFE INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>   v.<br><br>ESTHER CUNNINGHAM, an individual; ANDREA L. SYKES, an individual; ESTATE OF CLARENCE JEFFERSON WYNN, By and Through Its Administrator/Executor,<br><br>   Defendants. | Case No. 5:23-cv-01024 SSS (SHKx)<br><br>Judge: Hon. Sunshine Suzanne Sykes<br><br>**FIRST AMENDED COMPLAINT IN INTERPLEADER AND FOR DECLARATORY RELIEF**<br><br>[28 U.S.C. §§ 1332, 2201; F.R.C.P. 22] |

   Plaintiff Delaware Life Insurance Company ("Delaware Life") alleges as follows:

**JURISDICTION AND VENUE**

   1.   This is a suit of a wholly civil nature for interpleader and declaratory relief. Subject matter jurisdiction is conferred upon this Court by diversity of citizenship, 28 U.S.C. § 1332(a) and (c).

   2.   Plaintiff Delaware Life is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business in the

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4894-8273-1648 v1

1

Case No. 5:23-cv-01024 SSS (SHKx)
FIRST AMENDED COMPLAINT IN INTERPLEADER

Commonwealth of Massachusetts. Delaware Life is authorized to do business and is lawfully doing business in the State of California, and within this district.

3. Defendant Esther Cunningham ("Cunningham") is an individual and, on information and belief, she is a citizen and resident of the State of California, County of Riverside.

4. Defendant Andrea L. Sykes ("Sykes") is an individual and, on information and belief, she is a citizen and resident of the State of Missouri, Jackson County.

5. Defendant the Estate of Clarence Jefferson Wynn ("Estate"), By and Through Its Administrator Andrea L. Sykes, brought a Petition for Probate and for Authorization to Administer the Estate ("Petition") on August 28, 2023 in the Superior Court for the County of Riverside, California, Case No. PRMC2300926.

6. Diversity of citizenship exists between Delaware Life, as stakeholder, and Defendants, as claimants, for purposes of Rule 22, Federal Rules of Civil Procedure, in that Delaware Life is incorporated in the State of Delaware, with its principal place of business in Massachusetts, as well as offices in Indiana, and Defendants are citizens and/or residents of California and/or Missouri.

7. The amount in controversy is satisfied because more than $75,000 is in controversy, exclusive of interest and costs. The Annuity Contract, or its Death Benefit, which is the subject of this lawsuit has a present value in excess of $1,000,000.

8. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all related claims over which it does not have original jurisdiction.

9. The claim for declaratory relief is sought herein based on 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

10. Venue is proper in this District because Cunningham is a citizen and resident of California in the County of Riverside and resides within this District, and ///

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4894-8273-1648 v1

2

Case No. 5:23-cv-01024 SSS (SHKx)
FIRST AMENDED COMPLAINT IN INTERPLEADER

the Estate proceedings are pending in the Superior Court for the County of Riverside. *See* 28 U.S.C. § 1397.

## FACTS RELEVANT TO THE ANNUITY CONTRACT

11. On August 10, 2022, pursuant to an Application dated August 8, 2022, Delaware Life issued to Clarence J. Wynn its Certificate for Apex MYGA Single Premium Deferred Multi-Year Guaranteed Annuity Contract No. APEX0057589 ("Annuity Contract"). A true copy of the Application is attached hereto as Exhibit "A." A true copy of the Annuity Contract is attached hereto as Exhibit "B."

12. Wynn was designated the Owner and Annuitant under the Annuity Contract.

13. Designated as the primary Beneficiary under the Annuity Contract is Andrea L. Sykes ("Sykes"), identified as the daughter of Wynn. No other primary or contingent beneficiary is designated under the Annuity Contract.

14. The premium amount for the Annuity Contract was $1,000,000, which was paid and submitted with the Application, to be allocated to a 5-Year Guaranteed Interest Rate Period.

15. The Annuity Contract Date is August 10, 2022, the Initial Guaranteed Interest Rate Period is 5 years, and the Initial Guaranteed Interest Rate is 3.45%.

16. The Annuity Contract provides a Death Benefit according to its terms and conditions. The Death Benefit provision states, in part: "Except as provided below, if an Owner dies before the Annuity Date, the Death Benefit will be payable and must be distributed within five (5) years after such Owner's death. We will pay the Death Benefit to the Beneficiary. No Withdrawal Assessments will apply…The amount of the Death Benefit will be equal to the Account Value on the Death Benefit Date." (Annuity Contract, p. 10)

///

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4894-8273-1648 v1

3

Case No. 5:23-cv-01024 SSS (SHKx)
FIRST AMENDED COMPLAINT IN INTERPLEADER

17. The Annuity Contract provides for "Payment of Death Benefit" (*emphasis deleted*) as follows: "We will pay the Death Benefit to a Beneficiary upon receipt of Due Proof of Death from that Beneficiary. Interest will be added as follows…" (Annuity Contract, pp. 10-11)

18. The Annuity Contract defines "Due Proof of Death" as follows:
> "An original or an originally certified copy of an official death certificate, or an original certified copy of a decree of a court of competent jurisdiction as to the finding of death, and, in respect of each Beneficiary, our claim form, properly completed, and any other information or documents required to make a death benefit payment."

(Annuity Contract, p. 4)

19. The claim form required for Due Proof of Death includes, but is not limited to, selection of a distribution option for payment of the Death Benefit, such as by lump sum or over time.

## FACTS RELEVANT TO THE CONFLICTING CLAIMS

20. Delaware Life received an April 27, 2023 letter from Clover Marez ("Marez"), who identified herself as the grandchild of Cunningham, challenging the purchase, ownership, and beneficiary designation of the Annuity Contract. Marez represented that Cunningham and Wynn are a married couple and that Wynn improperly and unlawfully used community property funds to purchase the Annuity Contract without Cunningham's permission. Marez informed that Cunningham was seeking a temporary restraining order on the annuity account and on the bank checking account from which the premium was paid.

21. On May 11, 2023, Delaware Life, through its counsel, sent certified letters to Cunningham and Wynn notifying them of the conflicting claims with

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4894-8273-1648 v1

4

Case No. 5:23-cv-01024 SSS (SHKx)
FIRST AMENDED COMPLAINT IN INTERPLEADER

respect to the Annuity Contract, and explaining that Delaware Life was a neutral stakeholder and may cause to be filed a complaint in interpleader and/or for declaratory relief. The letter requested a response within 14 days.

22. On May 25, 2023, counsel for Delaware Life received a letter from Aaron F. Garcia, Esq., representing Wynn.

23. On June 2, 2023, Delaware Life filed its Complaint for Declaratory Relief and Interpleader naming Wynn, Cunningham, and Does 1 through 10 as defendants.

24. On June 16, 2023, counsel for Delaware Life received a letter from Samira Amato, Esq., representing Cunningham in dissolution proceedings against Wynn filed in the Superior Court for the State of California, County of Santa Clara under Case Number 23FL001786 on May 24, 2023.

25. Wynn died on June 23, 2023.

26. The Death Benefit became payable under the terms of the Annuity Contract by reason of the death of Wynn.

27. By certified letter dated July 7, 2023, Delaware Life notified Sykes that she is the named beneficiary of the Annuity Contract which is the subject of pending litigation and of the nature of the litigation.

28. On July 25, 2023, Esther Cunningham submitted a declaration to this Court in support of her motion to set aside default and in opposition to motion for default judgment in this lawsuit. (See Doc. 19-3) Cunningham attested, in part:

> "During the recent years of our marriage, Andrea Sykes took funds from our account and transferred to Defendant Wynn's account which she later transferred to herself. Sykes is also the beneficiary of the annuity with Plaintiff…After [I filed] for legal separation and dissolution...Andrea Sykes took Defendant Wynn out of our home…Only after a few days of being in her care,

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4894-8273-1648 v1

5

Case No. 5:23-cv-01024 SSS (SHKx)
FIRST AMENDED COMPLAINT IN INTERPLEADER

> Defendant Wynn passed away…I have been involved in various interviews with social workers surrounding Defendant Wynn's suspicious passing…"

29. By her Answer to the Complaint on August 29, 2023, Cunningham alleges that community funds were transferred to the Annuity Contract improperly and in violation of Cal. Welf. & Inst. Code § 15610.30 subd. (a)(1). (Doc. 35)

30. Delaware Life is informed and believes that the Estate has or may have a claim to the value of the Annuity Contract equivalent to a community property share.

31. In compliance with the terms of the Annuity Contract and in its capacity as a neutral stakeholder, Delaware Life currently maintains the Annuity Contract according to the fixed annuity account selection by the Owner and Annuitant Wynn, deceased.

32. Delaware Life remains ready, able and willing to distribute the undisputed portion of the Death Benefit to the named Beneficiary Sykes upon her presentation of Due Proof of Death and/or consistent with any order of this Court. Delaware Life may seek to amend this First Amended Complaint according to such order.

33. By reason of all of the facts above, there are conflicting claims presented by the Defendants to the Annuity Contract proceeds and/or to the Death Benefit.

## **FIRST CAUSE OF ACTION FOR INTERPLEADER**
### **(Against All Defendants)**

34. Plaintiff refers to and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 30 above, as though fully set forth herein.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4894-8273-1648 v1

6

Case No. 5:23-cv-01024 SSS (SHKx)
FIRST AMENDED COMPLAINT IN INTERPLEADER

35. Delaware Life is faced with adverse and conflicting claims to the Annuity Contract proceeds, and/or to the Death Benefit payable under the Annuity Contract since the death of Wynn on June 23, 2023. On the one hand, Sykes may assert a claim to 100% of the Death Benefit as the sole designated Beneficiary under the Annuity Contract. On the other hand, Cunningham claims a community property share of the Annuity Contract proceeds and contests the designation of Sykes as Beneficiary. Finally, the Estate may claim a portion of the value of the Annuity Contract equivalent to a community property share. As a result of these conflicting claims, Delaware Life is unable to discharge its liability under the Annuity Contract without potentially exposing itself to multiple liability or litigation or both.

36. Delaware Life claims no beneficial interest in the Annuity Contract or the Death Benefit. It is a mere stakeholder in Defendants' dispute.

37. Delaware Life has and will incur attorneys' fees and costs in bringing this interpleader action to resolve the dispute over the Annuity Contract and/or its Death Benefit. Delaware Life is entitled to recover its reasonable attorneys' fees and costs in this proceeding.

38. Delaware Life should not be compelled to become involved in the actual or potential dispute or contentions of Defendants, and Defendants should be ordered to litigate or otherwise settle among themselves without further involving Delaware Life.

39. Before Wynn's death, the Account Value of the Annuity Contract was approximately $1,000,000. Since Wynn's death, the value of the Death Benefit payable under the Annuity Contract is approximately $1,000,000.

///
///
///
///
///

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4894-8273-1648 v1

7

Case No. 5:23-cv-01024 SSS (SHKx)
FIRST AMENDED COMPLAINT IN INTERPLEADER

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF

### (Against All Defendants)

40. Plaintiff refers to and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 36 above, as though fully set forth herein.

41. By reason of the facts pled herein, an actual dispute exists among Delaware Life, Cunningham, Sykes, and the Estate. On the one hand, Sykes may assert a claim to 100% of the Death Benefit as the sole designated Beneficiary under the Annuity Contract. On the other hand, Cunningham claims a community property share of the Annuity Contract proceeds and contests the designation of Sykes as Beneficiary. Finally, the Estate may claim a portion of the value of the Annuity Contract equivalent to a community property share. As a result of these conflicting claims, Delaware Life is unable to discharge its liability without potentially exposing itself to multiple liability or litigation or both.

42. Because of the right of the Beneficiary(ies) to direct the proceeds of the Annuity Contract, and the challenge to the Annuity Contract by Cunningham, Delaware Life is unable to liquidate the Annuity Contract to deposit the proceeds with the Court, and is required to maintain the fixed annuity account selection of Wynn, the Owner Annuitant.

43. Delaware Life is unable to distribute the Death Benefit to the proper Beneficiary unless and until a reasonably noticed time after this Court's determination of the proper Beneficiary and all applicable terms and conditions of the Annuity Contract are satisfied.

44. Therefore, Delaware Life desires a judicial determination of the respective rights and obligations of Cunningham, Sykes, and the Estate.

///

///

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4894-8273-1648 v1

8

Case No. 5:23-cv-01024 SSS (SHKx)
FIRST AMENDED COMPLAINT IN INTERPLEADER

45. A judicial determination is necessary, appropriate, and desirable at this time in order that Delaware Life may properly discharge its duties under the Annuity Contract.

46. Delaware Life should not be compelled to become involved in the actual or potential disputes or contentions of Defendants, and Defendants should be ordered to litigate or otherwise settle among themselves without further involving Delaware Life.

WHEREFORE, Delaware Life prays judgment as follows:

1. That the Court declare the rights and liabilities of the parties;
2. That Defendants be restrained from instituting any action against Delaware Life with respect to the Annuity Contract;
3. That Defendants be required to interplead and settle among themselves their respective rights under the Annuity Contract, and that Delaware Life be discharged and released from any and all further liability under the Annuity Contract as to each Defendant, and any persons claiming by, through, or under them;
4. That the Court award Delaware Life its actual costs and reasonable attorneys' fees incurred in connection with this interpleader action, with such sums to be paid out of the value of the Annuity Contract;
5. That the Court issue an order requiring Delaware Life, upon reasonable advance notice, to either:
    (a) Distribute the Death Benefit to the proper Beneficiary determined by the Court, after the terms and conditions of the Annuity Contract have been satisfied and according to the terms and conditions of the Annuity Contract;
    (b) Deposit the Account Value of the Annuity Contract into the registry of the Court into an interest-bearing account, based

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4894-8273-1648 v1

9

Case No. 5:23-cv-01024 SSS (SHKx)
FIRST AMENDED COMPLAINT IN INTERPLEADER

on a Court determination that the Annuity Contract is void *ab initio*, with the proceeds to remain in the registry until further Court order; or

  (c) Administer the Annuity Contract as otherwise ordered by the Court.

6. That Delaware Life be dismissed with prejudice from all further proceedings in this action; and

7. For such other and further relief as the Court deems proper.

Dated: September 18, 2023    BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Nancy Jerian Marr*
  Daniel W. Maguire
  Nancy Jerian Marr
  Attorneys for Plaintiff Delaware Life Insurance Company

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4894-8273-1648 v1

10

Case No. 5:23-cv-01024 SSS (SHKx)
FIRST AMENDED COMPLAINT IN INTERPLEADER